Filed 4/5/23  In re D.L. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.L., a Person Coming Under the Juvenile Court Law. | C097046 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.L.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD238366) |

D.L. (mother) appeals from juvenile court orders terminating her parental rights and directing that D.L. (minor) be placed for adoption.  (Welf. & Inst. Code, § 366.26.)[1] Mother contends the Sacramento County Department of Child, Family and Adult Services (Department) failed to comply with the requirements of the Indian Child

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) because the Department failed to ask all relatives involved in the proceedings about minor's potential Indian ancestry. We will conditionally affirm the juvenile court orders and remand the matter for further compliance with ICWA, including inquiry directed to minor's paternal and maternal relatives.

BACKGROUND

In July 2017, minor's father died in a car accident. A few weeks later, on a referral from a mandatory reporter, the Department filed a section 300 petition on behalf of minor (born in October 2015). The minor was medically fragile and had serious health issues. The petition alleged general neglect. It alleged mother had mental health challenges affecting her ability to care for minor and that she had authorized contact between minor and another man that appeared inappropriate.

According to the petition, mother told the Department minor has no known Indian ancestry. And in the detention report, the Department indicated there is no reported Native American heritage.

Mother completed the ICWA-20 form stating she had "no Indian ancestry as far as I know." At the detention hearing in 2017 (for which we do not have a reporter's transcript), the juvenile court found there was "no evidence before the Court that [the] child is an Indian child within the meaning of [ICWA]. [¶] There is no reason to know the child is an Indian child. [¶] No further ICWA notice is required." It ordered mother to disclose to the agency any other relatives of the minor.

In its jurisdiction report, the Department attached a petition and order from a prior 2016 dependency case for minor's full sibling. According to the prior petition, both mother and father claimed the sibling had no known Indian heritage. At the initial hearing in that case, the juvenile court found there was no evidence the sibling was an Indian child within the meaning of ICWA. Those proceedings were ultimately

terminated, and there is no information in the record of any additional inquiry made as to the sibling's Indian ancestry.

During the current proceeding, the Department interviewed minor's paternal grandmother, paternal step-grandfather, paternal aunt, and maternal grandmother. The maternal grandmother and paternal aunt also went through the resource family approval process to establish eligibility as caregivers for minor. But there is no evidence in the appellate record that the Department or the juvenile court asked any of those relatives about minor's potential Indian ancestry, and there is no evidence those relatives provided any information on this subject.

The juvenile court terminated mother's parental rights in August 2022 and directed that minor be placed for adoption.

DISCUSSION

Mother argues the juvenile court and the Department should have asked the identified relatives about minor's ancestry.

"ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.]" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).)

The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).) We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

3

Here, at the initial hearing, the juvenile court received information from mother via an ICWA-20 form stating she had no knowledge minor had Indian ancestry. Due to the recent death of minor's father, the juvenile court could not make such an inquiry of him. But there is no record the paternal grandparents, paternal aunt, or maternal grandmother were asked about minor's potential Indian ancestry.

The Department acknowledges it did not inquire with minor's extended family, but argues there is no prejudice because mother denied Indian ancestry in this case, both parents denied such ancestry in the sibling's previous case, and mother provided no evidence or offer of proof that minor might have Indian heritage. As we read the record, however, mother did not deny Indian ancestry, she said she has no knowledge of it. As for father's asserted denial in the prior case, in this case the juvenile court did not take judicial notice of it or rely upon it; and aside from the petition and the detention order, the record in this case does not include ICWA compliance documentation from the previous case.

California Courts of Appeal have taken different approaches regarding when to reverse in failure-to-inquire cases. (See *In re Dezi C.* (2022) 79 Cal.App.5th 769, 779-786, review granted Sept. 21, 2022, S275578 [discussing three approaches and adopting a fourth].) One line of cases holds that an error in the initial inquiry must result in reversal because the duty to inquire is mandatory and unconditional. (See, e.g., *In re J.C.* (2022) 77 Cal.App.5th 70, 80.) A second line of cases holds that such error is presumptively harmless unless a showing is made by the parent on appeal (such as by an offer of proof) why further inquiry would lead to a different ICWA finding. (See *In re A.C.* (2021) 65 Cal.App.5th 1060, 1069.) A third line of cases holds reversal is required when the agency failed in its duty of initial inquiry and the record indicates there is readily obtainable information likely to bear meaningfully upon whether the child is an Indian child. (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)

4

Here, although it is arguable the failure of inquiry was harmless, the case involves some unique circumstances, such as father's recent death. Until the California Supreme Court has had an opportunity to address the split in authority, we will conditionally affirm the juvenile court orders and remand the matter for further compliance with ICWA, including inquiry directed to minor's paternal and maternal relatives.

DISPOSITION

The orders terminating parental rights are conditionally affirmed, and the matter is remanded for further compliance with ICWA, including inquiry directed to minor's paternal and maternal relatives. If, on remand, the juvenile court determines ICWA applies, the juvenile court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).)


                                                        /S/
                                                 MAURO, Acting P. J.


We concur:


    /S/
DUARTE, J.


    /S/
BOULWARE EURIE, J.